1 | ALAN L. GERACI ESQ. (SBN 108324)
STEPHEN F. LOPEZ, ESQ. (SBN 125058)
ALAN L. GERACI a Prof. Corp.
2 | Attorneys at Law
817 W. San Marcos Blvd.
3 | San Marcos, California 92078
Telephone: (619) 231-3131
4 | Facsimile: (760) 571-5313

5

6 | Attorneys for Michael and Julieta Badgley

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | MICHAEL BADGLEY; JULIETA BADGLEY   Case No. CV12 · 3470 JAK (JCGx)

11 | Plaintiffs   ) **VERIFIED COMPLAINT FOR VIOLATION**
) **OF 15 USC 1692 ET. SEQ.,**
12 | V.   ) **DECLARATORY RELIEF, QUASI**
) **CONTRACT AND WRONGFUL**
13 | BANK OF NEW YORK MELLON, NA, as   ) **FORECLOSURE**
trustee for a yet to be identified REMIC trust,   )
14 | LITTON LOAN SERVICING LP, a Delaware   )
Limited partnership, OCWEN LOAN   )
15 | SERVICING LLC., a Delaware Limited Liability   ) **DEMAND FOR JURY TRIAL**
Company corporation;, QUALITY LOAN   )
16 | SERVICE INC. a California Corporation and   )
DOES 1 to 10 · inclusive,   )
17 |   )
18 | Defendants   )
   )

19

20

21 | Plaintiffs allege and complain as follows:

22

23 | **JURISDICTION AND VENUE**

24 | 1.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331,

25 | §2201, §2203.

26 | 2.   This Court also has supplemental jurisdiction over the State law claims in this proceeding

27 | pursuant to 28 U.S.C. §1367.

28 | ///

Badgley v. BONY

Complaint

3. This action concerns the real property commonly known as 1818 Diamond Ave Pasadena California. ("Subject Property"). The Subject Property is located with the Central District of California and therefore venue is proper in this District pursuant to 28 U.S.C. §1391 (b).  The Subject Property is a legally described as:

> THE NORTH ONE-HALF OF LOT 10 IN BLOCK II Ell, ADDITION NO.1 TO ONEONTA PARK. AS PER MAP RECORDEU IN BOOK 8 PAGE 42 OF MAPS, IN THEOFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

4. Plaintiffs Michael and Julieta Badgley ("Plaintiffs") are and were at all times mentioned herein were  residents of the City of Pasadena, County of Los Angeles, State of California  and are the owners of the Subject Property, which property was Plaintiffs' primary residence at the time of the loan alleged herein and at the time of the actions alleged herein.

5. Defendant Bank of New York Mellon NA as Trustee for an unknown REMIC Trust (hereafter "BONY) is and was at all times material hereto a National Bank Association with its principal office located in New York.

6. Defendant Bank OCWEN Loan Servicing LLC (hereafter "OCWEN") is and was at all times material hereto a Delaware Limited Liability Company.

7. Defendant Litton Loan Servicing LP (hereafter "Litton") is and was at all times material hereto a Delaware Limited Partnership.

8. Defendant Quality Loan Service  (hereafter "Quality") is and was at all times material hereto a California Corporation.

9. The true names and capacities whether individual, corporate or associate or otherwise of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who  therefore sue said defendants by such fictitious names.  Plaintiffs will seek leave of Court to amend this Complaint to show their true names and/or capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereupon allege that each of the DOE defendants is, in some manner, legally

-2-

Complaint

1  responsible for the events and happenings herein set forth and which proximately caused the injury and

2  damages to Plaintiffs as herein alleged.

3      10. Plaintiffs are informed and believe and thereon allege that at all times mentioned

4  herein, the defendants, and each of them, were employees, agents and/or servants of the other

5  defendants, and in doing the acts alleged herein, were acting within the course and scope of such

6  employment, agency and/or service.

7

8                        **GENERAL ALLEGATIONS**

9      11. On or about December 15, 2005, Plaintiffs entered into a residential mortgage loan

10  transaction with Countrywide Home Loans consisting of a Note and Deed of Trust secured by the

11  Subject Property. ("Subject Loan")  A true and correct copy of the Note is attached hereto as Exhibit

12  "A" and incorporated herein by this reference.  The Note indicates that the original holder of the Note

13  was Countrywide Home Loans.  The Deed of Trust is attached hereto as Exhibit "B" and incorporated

14  herein by this reference.  The Deed of Trust indicates that Countrywide Home Loans is the "Lender"

15  and entitled to all payments under the Note.  It also indicates that defendant MERS is the "Beneficiary"

16  of that deed of trust and the nominee of the Lender. The Deed of Trust indicates that the trustee is

17

18  Recontrust.

19      12. While MERS is identified in the Deed of Trust as the beneficiary, in fact, defendant

20  MERS functions as an electronic tracking system for mortgage loans including those loans that

21  have been securitized. Despite the representation in the Deed of Trust, MERS was never and is not

22  legally a "beneficiary" of the Deed of Trust; has no legal authority to transfer either the Deed of

23  Trust or the Note incident to the mortgage loan identified herein and has no legal authority to

24  institute or maintain foreclosure proceedings outside its status as an agent for the holder of the

25  Note.

26

27  ///

28

Badgley v. BONY

13. As evidenced by the inclusion of MERS as the so called beneficiary under the Deed of Trust, Plaintiffs are informed and believe and thereon allege that at some point after entering into the Subject Loan, the Subject Loan was transferred to a securitized mortgage loan trust. During the Mortgage Boom of 2002 to 2007, Wall Street investors looked to feed their insatiable and reckless greed for profit by tapping directly into the American Dream- home ownership. Mortgage lenders and investment banks aggressively lured the American people into predatory loans with teaser interest rates and into purchasing homes with inflated appraisals and under the promise that the booming real estate market would continue to boom. Wall Street took the soon to be toxic loans and bundled them into "Mortgage Backed Securities" through a process known as "Securitization." These "securities" were then sold to investors in the form of certificates, whereby the investors became the "Certificateholders" of the securities that were to be fed by the toxic loans.

14. Knowing that the predatory loans they were issuing would default and become toxic assets, Wall Street placed their bets accordingly and bought exotic insurance products in the form of Credit Default Swaps. ("CDS"). A CDS is a form of insurance intended to protect the buyer of the policy in case the borrower defaults on the loan. If the borrower defaults, the buyer of the CDS receives a large payout for the cash value of the defaulted loan. The main difference between a traditional insurance policy and a CDS is that anyone can Purchase a CDS. Even those who have no direct "insurable interest" in the lender. CDSs were instrumental during the housing bubble because once the banks ran out of creditworthy borrowers, they had to turn to uncreditworthy "subprime" borrowers. To avoid losses from default, the banks moved these risky mortgages off their books by bundling them into "securities" and selling them to investors. To induce investors to buy, these securities, the securities were then "insured" with credit default Mortgage Meltdown (which it did), they would stand to make even more profit when the mortgage insurance paid them out for their "losses."

15. In their rush to "securitize" the predatory loans, Wall Street and the involved lenders failed to follow the law applicable to the transfer of promissory notes and the related mortgages or deeds of trust, its own rules and regulations, creating the instant situation where the securities are not actually backed by any mortgages at all. Under the standard model, the promissory notes were supposed to be sold and transferred into a trust pool ("Securitized Trust") that holds the promissory notes as collateral on the securities bought by investors ("Certificateholders"). These "true sales" allow the original lenders to move the notes off their books, eliminating the need to maintain capital adequacy reserves against default. The purpose of securitizing collateral debt obligations was to provide a large supply of money to lenders for originating loans, and to provide investment to bond holders, which were expected to be relatively safe.

16. The transfer of the promissory notes is subject to the rules applicable under the Uniform Commercial Code for the sale and transfer of negotiable instruments, including the requirement that the Note actually be turned over to the investor by way of endorsement in compliance with the applicable law. The Securitized Trusts, if ever formed properly, are subject to and governed by (1) the Pooling and Servicing Agreement; (2) the Mortgage and Loan Agreement; (3) the 424B5 Prospectus; (4) the common law trust rules of Delaware or New York, depending on its origin, and (5) Internal Revenue Code section 860A through 860G, better known as the Real Estate Mortgage Investment Conduit ("REMIC") rules.

17. BONY as Trustee for a REMIC trust has represented to Plaintiffs that it is the owner of Plaintiffs' Note and Deed of Trust. In this case a notice of default was recorded by Quality, on September 10. 2009. A true and correct copy of that Notice of Default is attached hereto as Exhibit "C" and incorporated herein by this reference Thereafter, on October 23, 2009, Litton Loan Servicing, acting as servicer for the Subject Loan informed Plaintiffs that the beneficiary and holder of the Note was "Bank of New York Mellon f/k/a Bank of New York as Trustee".

Badgley v. BONY

Complaint

(Emphasis added)  See  Exhibit "D" attached hereto and incorporated herein by this reference. In fact, Plaintiffs are informed and believe and thereon allege BONY never acquired any interest in the Note and Deed of Trust for the reasons set forth herein.

18.  An essential aspect of the mortgage securitization process is that the trust must obtain and maintain good title to the mortgage loans comprising the pool for that certificate offering.  This is necessary in order for the Trustee of the purportedly Securitized Trust to be legally entitled to enforce the mortgage loans in case of default.  In order for the loan to become part of a REMIC trust, The loan document relating to each mortgage loan must be validly transferred to the Trust as part of the securitization process.  In this case, on information and belief, Plaintiffs contend neither the Note nor Deed of was validly transferred to BONY and that in fact BONY is not the holder of the Note or the Beneficiary under the Deed of Trust, entitled to enforce those obligations.

19.  Plaintiffs allege that the "true sales" never took place due to the failure to follow the basic legal requirements for the transfer of a negotiable instrument and thereby, BONY, and the trust it is supposedly acting as trustee for did not acquire any legal, equitable, and pecuniary interest in the  Note and Deed of Trust.  As a result, thereof, BONY, which purports to be Plaintiffs' creditor, actually has no secured or unsecured right, title; or interest in Plaintiffs' Note and Deed of Trust, and has no right to collect payments, demand payments, or report derogatorily against Plaintiffs' credit.  Plaintiffs allege on information and belief that Countrywide Home Loans never sold, transferred, or granted Subject Loan to the Sponsor, Depositor, or BONY and that BONY is merely a third-party stranger to the loan transaction. Furthermore, Plaintiffs allege that none of the Defendants can demonstrate or document that the Subject Note was ever properly endorsed, and transferred to BONY.  The Court should note that in this case Plaintiffs do not bring this action to identify the  true holder of the Note and true beneficiary of the Deed of Trust. Plaintiffs believe that the true holder and true beneficiary is in fact

Badgley v. BONY

Complaint

1   Countrywide based upon the public record.  What Plaintiffs do contend is that BONY is not the holder

2   of the Note or beneficiary of the Deed of Trust.

3        20.  Plaintiffs further allege that, on information and belief, the in the event the Note was

4   transfer to a REMIC  trust, the Trust' that purportedly owns Plaintiffs' Note and Deed of Trust has

5   been dissolved due to the disbursement and receipt of mortgage insurance payouts to the Trust and the

6   Certificateholders (including, but not limited to, Credit Default Swaps and other mortgage insurance

7
8   products). As a result of these mortgage insurance payouts, the Trust has been paid in full on Plaintiffs'

9   Note.

10       21.  Plaintiffs information  and belief is based on (1) a title report and analysis of the Subject

11  Property's county records; (2) direct written and oral communication with Defendants; (3)  Their

12  counsel's research, experience, and extensive review of depositions, case law, amicus briefs,

13  correspondence, news articles, reports, and publicly available securitization documents  and practices;

14
15  (4) The fact there has never been recorded an Assignment of the Deed of Trust to BONY in any

16  capacity and correspondence from BONY's agents as alleged above.

17       22.  Plaintiffs do not dispute that they owes money on their mortgage obligation.  Rather,

18  Plaintiffs dispute the amount owed, and seeks the Court's  assistance in determining who the holder in

19  due course is of his Note and Deed of Trust, and specifically what rights, if any, BONY as trustee has

20  to claim a secured or unsecured interest in Plaintiffs' Note and Deed of Trust.  In doing so Plaintiffs

21  are not bringing this action so as to conduct discovery so as to identify the true holder of the Note and

22
23  True Beneficiary of the Deed.  Instead, Plaintiffs allege and contend that the holder and beneficiary is

24  not BONY, the party seeking to conduct a foreclosure sale and acquire title to Plaintiffs' property.  As

25  such BONY has no right to conduct such a sale and had no right to collect or demand payments from

26  Plaintiffs as they BONY and its agents have done in the past and continue to do.  Furthermore, BONY

27  and its agents Litton and OCWEN have not right to report adversely on Plaintiffs' credit report as

28

-7-

1   creditor of Plaintiffs, something Plaintiffs are informed and believe and thereon allege they continue to
2   do.

3        23.  On April 13, 2012, defendant Quality generated a "Notice of Trustee's Sale" in which
4   Quality claims that it is the trustee under the deed of trust.  A true and correct copy of that Notice is
5   attached hereto as Exhibit E" and incorporated herein by this reference.  The foreclosure sale of
6   Plaintiffs' Subject Property is currently set for  April 23, 2012.  Plaintiffs are informed and believe and
7   thereon alleges that this sale is being conducted by Quality on behalf of BONY.
8
9                                               I.

10                                FIRST CAUSE OF ACTION

11                        VIOLATION OF 15 U.S.C. § 1692, ET SEQ.

12            [Against All Defendants BONY, Litton and OCWEN and Does 1 to 100]

13        24.  Plaintiffs refer to the allegations in paragraphs 1 to 23 of their complaint and incorporate
14   those allegations herein as if set forth in full..
15
16        25.  Federal law prohibits the use of any false, deceptive, or misleading representation or means
17   in connection with the collection of any debt... including the false representation of. .. the character,
18   amount, or legal status of any debt... and the threat to take any action that cannot legally be taken..."

19        26.  In illegally attempting to collect on Plaintiffs' debt obligation in the manner described
20   herein, Defendants BONY, as the purported assignee, and Litton and OCWEN, as purported mortgage
21   servicer: (a) falsely represented the status of the debt, in particular, that it was due and owing to
22   Defendant BONY ; (b) falsely represented or implied that the debt was owing to Defendant BONY,
23   when in fact, it is not owned by BONY and is owned by Countrywide (c) threatened to take action,
24   namely engaging in collection activities that cannot legally be taken by them; and (d) attempted to
25   collect on the promissory note under false pretenses; namely that BONY is the holder of  Plaintiffs
26   debt when in fact they were not.
27
28

Complaint

Badgley v. BONY

27.  As a direct and proximate result of the wrongful acts alleged herein Plaintiffs have been damaged in that they have made payment on the Subject Loan to the wrong party, have had their credit adversely affected and have suffered humiliation, embarrassment and emotional distress all to their harm.

28.  As a result of Defendants violations of the Fair Debt Collections Practices Act, Plaintiffs are entitled to any actual damages, statutory damages and reasonable attorney's fees and costs pursuant in an amount to be determined at the time of trial.

## II.

## SECOND CAUSE OF ACTION

(Declaratory Relief)
(Against all Defendants)

29.  Plaintiffs refer to the allegations in paragraphs 1 to 29 of their complaint and incorporate those allegations herein as if set forth in full.

30.  Plaintiffs allege that neither BONY, Litton or OCWEN have a secured, unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust.

31.  Defendants BONY, Litton and OCWEN claim they have a secured enforceable interest in, and perfected lien against, the PlaintiffsNote, Deed of Trust and Property.

32.  An actual controversy now exists between Plaintiffs and Defendants, and each of them relating to the legal rights and duties of the parties hereto, in  that Defendants claim that they are or where the Beneficiary of the Plaintiffs' note and deed of trust secured by the Subject Property,  seeking to foreclose thereon, and Plaintiffs disputes Defendants' claim that they are the beneficiary and/or trustee thereof and further disputes Defendants' right to foreclose on the Subject Property or collect payments thereon.  The competing claims establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property and the Note and Deed of Trust and the right to foreclose thereon.

Complaint

Badgley v. BONY

33.  Plaintiffs request that the Court make a finding and issue appropriate orders stating that none of the named Defendants, have any right or interest in Plaintiffs Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiffs mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever.

34.  Plaintiffs will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiffs will be denied the opportunity to identify his true and current creditor/lender and negotiate with them; (2) they will be denied the right to conduct discovery and have BONY's claims verified by a custodian of records who has personal knowledge of the loan and all transactions related to it; and (3) they will be denied the opportunity to discover the true amount he still owes minus any illegal costs, fees and charges.

35.  In that the Defendants have threatened to hold a Trustee's sale of the Subject Property on August 31, 2010, which also threatens to not only evict the Plaintiffs from their home but adversely impact Plaintiffs' creditworthiness, Plaintiffs require that a determination be made immediately as to the rights of Defendants to foreclose so that he does not suffer irreparable harm and further requests a determination of his and defendants rights as related to the subject property and the subject note and deed of trust.

### III.

### THIRD CAUSE OF ACTION

### QUASI CONTRACT
(Against Defendant BONY, Litton OCWEN and Does 1 to 100

36.  Plaintiffs refer to the allegations in paragraphs 1 to 36 of their complaint and incorporate those allegations herein as if set forth in full.

///

-10-

Complaint

Badgley v. BONY

37. Defendant BONY, Litton and OCWEN demanded monthly mortgage payments from Plaintiffs and continued to collect payments from Plaintiffs. Plaintiffs reasonably relied upon BONY, Litton and OCWENS assertion that they were entitled to the benefit of Plaintiffs' mortgage payments.

38. BONY, Litton and OCWEN knowingly accepted payments and retained them for its own use mowing that BONY, Litton and OCWEN did not acquire an interest in Plaintiffs' Note, such that they could accept or keep Plaintiffs payments. It would be inequitable for H BONY, Litton and OCWEN to retain the payments it received from Plaintiffs which they did not have legal authority to collect. The equitable remedy of restitution when unjust enrichment has occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to their former position by return of the thing or its equivalent in money.

39. Furthermore, Section 23 of the Deed of Trust states that: "Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it." The obligations to Countrywide under the Deed of Trust were fulfilled when Countrywide received the balance on the Note as proceeds of sale of Plaintiffs Note and Mortgage to a presently unknown entity and or when the investor was paid on a CDS. BONY, Litton and OCWEN have been unjustly enriched by collecting monthly payments from Plaintiffs when it has no interest in his Note.

40. Plaintiffs seek restitution for any payments they made to BONY, Litton and OCWEN that were not paid to the lender or beneficiary as a result of their unjust enrichment.

///

///

///

///

Badgley v. BONY

## IV.

## FOURTH CASUE OF ACTION

(Wrongful Foreclosure)
(against BONY and Quality AND Does 1 to 100)

41. Plaintiffs refer to the allegations in paragraphs 1 to 40 of their complaint and incorporate those allegations herein as if set forth in full.

42. As set forth above, Plaintiffs have been threatened with foreclosure of the Subject Property, which Property is unique. This foreclosure is wrongful in that BONY is not the holder of the Note and or beneficiary of the Deed of Trust and because Quality is not the duly appointed trustee under the deed of trust and therefore these parties have no right to hold a foreclosure sale of Plaintiffs' property.

43. As alleged herein, the defendants are wrongfully conducting the foreclosure sale of the Subject Property without any legal right to do so. Plaintiffs request that the court enjoin Defendants from proceeding with the foreclosure sale currently set for April 23, 2011 for the reasons set forth herein and below.

44. Plaintiffs will suffer irreparable harm consisting of the loss of his unique and valuable residential real estate should the relief requested herein not be granted, for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs prays for the following relief

On the First Cause of Action

For actual and statutory damages subject to proof at trial;

On the Second Cause of Action

For an order and decree that:

(1) There was never any transfer of the legal or equitable interest in both the Note and the Deed of Trust from the original lender to Defendant BONY

-12-

(2)  That defendants have no legal right to the note and deed of trust and therefore no right to institute any foreclosure proceedings.

(3) A determination as to the actual amount owed by Plaintiffs, if any, on the note and deed of trust after all credits, including, but not limited to any payoffs by insurers on the note and deed of trust and Plaintiffs' right to the benefits thereto.

On the Third Cause of Action

1.   For an order compelling Defendants to disgorge all amounts wrongfully taken by them from Plaintiffs and returning the same to Plaintiffs' interest thereon at the statutory rate from the date the funds were first received from Plaintiffs

On the Fourth Causes of Action

1.   That this Court issue a Temporary Restraining Order and Preliminary Injunction enjoining any foreclosure efforts or activity pending the full disposition of this action on the merits, and for permanent injunctive relief, should Plaintiffs prevail on the merits, forever precluding Defendants from continuing with any threats of foreclosure, with Plaintiffs requesting such relief for the reasons set forth and with a request for any other and further relief which is just and proper.

On all causes of action;

1. For costs of suit herein;

2. For reasonable attorney fees;

3. For such other and further relief as the court deems just and proper.

Dated: April 20, 2012

ALAN L. GERACI a Prof. Corp.

By:_____
Alan L. Geraci, Attorney for Plaintiffs

Badgley v. BONY

Complaint

**DEMAND FOR JURY TRIAL**

1

2       Plaintiffs demand trial by jury of all claims triable as a matter of right including all claims as to

3   damages.

4   Dated: April 20, 2012                          ALAN L. GERACI a Prof. Corp.

5                                                  By: _____

6                                                        Alan L. Geraci, Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

Badgley v. BONY                                                                          Complaint

VERIFICATION BY PARTY

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Michael Badgley, declare:

I am a Plaintiff, in the above entitled matter.

I have read the foregoing VERIFIED COMPLAINT FOR VIOLATION OF 15 USC 1692 ET. SEQ., DECLARATORY RELIEF, QUASI CONTRACT AND WRONGFUL FORECLOSURE and know the contents thereof. The matters stated therein are true, except those matters stated upon information and belief which I am informed and believe are true.

Executed this 20th day of April 2012, at Pasadena California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Michael Badgley, Declarant

Complaint

Badgley v. BONY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 3470 JAK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
ALAN L. GERACI ESQ. (SBN 108324)
ALAN L. GERACI a Prof. Corp.
817 W. San Marcos Blvd.
San Marcos, California 92078
Telephone: (619) 231-3131

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BADGLEY; JULIETA BADGLEY

PLAINTIFF(S)

v.

SEE ATTACHEMNT FOR DEFENDANTS

DEFENDANT(S).

CASE NUMBER

CV12·3470 JAK (JCGx)

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Alan L. Geraci _____, whose address is 817 W. San Marcos Blvd San Marcos CA 92078 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: ___APR 2 0 2012___

Clerk, U.S. District Court

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

Badgely v. Bank of New York Mellon et. al.

Attachment to Summons

BANK OF NEW YORK MELLON, NA, as trustee for a yet to be identified REMIC trust,
LITTON LOAN SERVICING LP, a Delaware Limited partnership; OCWEN LOAN
SERVICING LLC., a Delaware Limited Liability Company corporation;, QUALITY LOAN
SERVICE  INC. a California Corporation and DOES 1 to 100, inclusive.


COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Michael Badgely, Julieta Badgely | DEFENDANTS<br>Bank of New York Mellon, Litton Loan Servicing LP, OCWEN Loan Servicing LLC, Quality Loan Services and Does 1 to 100 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same.)<br>Alan L. Geraci, ALAN L. GERACI a Prof. Corp.<br>817 W. San Marcos Blvd. San Marcos CA 92078<br>(619) 231-3131 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No  ☒ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 15 USC 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

# CV12·3470

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | New York, Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 20, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |